## Case No. 7,746.

### KEY v. BANK OF UNITED STATES et al.

[1 Hayw. & H. 74.] [1]

Circuit Court, District of Columbia. April 26, 1842.

ATTORNEY AND CLIENT—CLAIM FOR FEES—INJUNCTION TO RESTRAIN CLIENT.

Where a claim for services rendered by an attorney may be defeated by an assignment of the fund on which said claim is an equitable lien, the court will enjoin the payment of the claim without the consent of the claimant.

This bill is filed to enjoin the defendants [the Bank of the United States, Richard Smith, and others] from demanding, claiming or recovering from the officers of the government an amount due the complainant [Francis S. Key] for services rendered to the assignor of the defendants in prosecuting a claim before the war department.

The substance of the claim will appear in the following power of attorney: "December 12, 1838. Know all men by these presents that I, Williamson Smith, of, &c., have constituted and appointed and by these presents do nominate, constitute and appoint my friend James Walker, &c., my true and lawful attorney in fact, for me and in my name and behalf to adjust and settle with the proper officers of the government of the United States the claims which I have against the government on account of the operations of a contract made between Nathaniel Smith, superintendent of Cherokee emigration, on behalf of the United States, and myself, entered into on the 24th day of October, 1837, and ratified on the 5th of De-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

cember, 1837, by the commissioner of Indian affairs; also to adjust and settle with the proper officers of the United States a claim which I have for damages and expenses on account of the failure of Lieutenant Haskins, acting quartermaster of the Fourth U. S. Infantry, to comply with a contract made with me to transport said regiment from Smithland, Ky., to Fort Gibson. I hereby authorize and empower my said attorney to receive and receipt for, to the proper officers of the United States for such sums of money as may be due on account of services rendered under said contracts and for damages on account of the same, authorizing my said attorney to sign my name to all receipts or discharges as it may be necessary for me to sign, hereby ratifying and confirming all acts which my said attorney may think proper to do in the premises in as full and perfect a manner as if I were personally present acting in the matter."

Under the above power of attorney James Walker applied to the complainant to attend professionally to said claims pending for settlement in the war department and before the commissioner of Indian affairs. In the following March the said Smith appointed the complainant under a power of attorney with the same powers as were given to James Walker. In the letter inclosing the power of attorney the said Smith authorized the complainant to retain 10 per cent. of the amount collected; that the complainant rendered very laborious service in the prosecution of these claims; that the said commissioner and the secretary of war reported, that a balance was due from the government to said Smith of $35,377.17; that the secretary communicated to congress stating the said balance and asked for an appropriation to pay the same; that the complainant was called to attend on the committee and submitted arguments in relation to said claims. The amount stated was put into the appropriation bill, but was struck out, and no appropriation has been made by congress for its payment; that the said Smith has assigned the claim to the Bank of the United States and certain trustees, and they claim the whole; that the complainant believes he has an equitable claim to the amount stipulated which cannot be defeated by any subsequent assignment of said Smith without the consent of complainant; that he has no adequate remedy at law for his relief.

On filing the bill the defendants were enjoined from demanding, claiming or recovering from the officers of the government the commission on the sum now acknowledged to be due and owing by the government of the United States to Williamson Smith, &c. By consent the complainant filed an amendment to the bill, in which he charged that the agent and trustees of the said bank are endeavoring to get credit at the treasury department for the said sum of money, and as the bank is really indebted to the government, if the said credit be allowed he would lose the commission agreed to be paid to him. To this bill a general demurrer was filed, and the complainant joined issue upon it. Coxe for the defendants argued that the 10 per cent. is to be on the amount recovered; that by the allegation of the bill no amount has yet been recovered, but the matter is still pending. The bill charges no gravamen—nothing against conscience. The complainant has yet no cause to complain. It is not stated that the Bank of the United States or the assignees will not pay the complainant the 10 per cent. when they receive the money. He thought the bill was premature and ought to be dismissed.

The complainant appeared in person.

R. S. Coxe, for the Bank of the United States.

BY THE COURT. In this case, the defendants, having appeared by their solicitor and filed a demurrer to the said bill of complainant, and the said cause being set for hearing by consent on said demurrer and joinder by complainant, it is therefore, this 26th day of April, 1842, ordered and decreed, by the authority of this court, that the complainant will be entitled to the commission of ten per cent., as claimed in the said bill on the sum of $35,377.17, or whatever may be allowed or paid on account of the same, on the payment or allowance thereof, at the treasury of the United States, and that the defendants and their agents be and they are hereby enjoined from receiving the payment thereof or an allowance of credit therefor at the treasury of the United States without the consent of said complainant.

NOTE. The following is an opinion of Clement Cox, Esq., given Aug. 10, 1846: "The claim is about being finally adjusted at the treasury in a way that will secure besides the sum assigned to the Bank of the United States a small surplus. The bank desires to have the surplus applied to discharge what may be due to Mr. Key; Col. Walker, thinks that nothing having been accomplished in the lives of Smith and Key, the power of attorney to the latter became annulled by death and no commission can in strictness be recovered. See Hunt v. Rousmainers, 1 Pet. [26 U. S.] 1. I think you will find the claim of commission involved in a good deal of difficulty and doubt."

KEY (CHESAPEAKE & OHIO CANAL CO. v.). See Case No. 2,649.

KEYES (BURT v.). See Case No. 2,212.